Bryan CAMPBELL *v.* STATE of Arkansas

92-455                                              846 S.W.2d 639

Supreme Court of Arkansas
Opinion delivered February 1, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Tammy Harris*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. On December 31, 1991,

appellant, Bryan Campbell, was involuntarily admitted to the Arkansas State Hospital. On January 8, 1992, a petition to involuntarily commit appellant was filed. A hearing was held on January 10, 1992, at which the court held appellant should be committed to the Arkansas State Hospital or Western Arkansas Counseling and Guidance Center for a period not to exceed forty-five (45) days. An order setting forth the court's holding was filed on January 10, 1992. The court order expired on February 23, 1992. On appeal, appellant argues the court committed error by not dismissing the commitment proceedings against him pursuant to Ark. Code Ann. § 20-47-210 (Repl. 1991) and the court violated his constitutionally vested liberty interest by not dismissing the proceedings against him. We do not address appellant's second argument as appellant failed to raise this issue below. We do not consider even constitutional issues that are raised for the first time on appeal. *Ussery* v. *State*, 308 Ark. 67, 822 S.W.2d 848 (1922). Since this case involves the interpretation of an act of the General Assembly, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 29(1)(c).

Normally, this case would not be subject to review because it is moot, but appellant asks us to decide the case anyway claiming it "presents a question that is capable of repetition, yet evading review", *DeFunis* v. *Odegaard*, 416 U.S. 312, 318-19 (1974) (quoting *Southern Pac. Terminal Co.* v. *ICC*, 219 U.S. 498, 515 (1911)), and cases of this type "tend[] to become moot before litigation can run its course", *Campbell* v. *State*, 300 Ark. 570, 572, 781 S.W.2d 14, 15 (1989), since the commitment periods contained in the applicable statutes are seven (7), forty-five (45), and one hundred eighty (180) days.

█ █   We do not ordinarily decide issues which are moot, but "when a case involves the public interest, or tends to become moot before litigation can run its course, or a decision might avert future litigation, we have, with some regularity, refused to permit mootness to become the determinant." *Campbell*, 300 Ark. at 572, 781 S.W.2d at 15 (citations omitted). This case "is moot in the sense that we cannot now afford appellant any relief, but it is not moot in the sense that it is important to decide a practical question of great public interest." *Id*. As appellant points out, the involuntary commitment statutes provide for only short term involuntary commitment such that most persons committed

under these statutes will have been released before their appeals can be decided. Whether a person can be held involuntarily when the petition for involuntary commitment is not filed within the time provided in the statute is a practical question of great public interest. For that reason, we address appellant's substantive argument.

The following constitutes the chronological development of appellant's confinement and the court action leading to this appeal.

| | |
|---|---|
| Tuesday, December 31, 1991 | Appellant's initial confinement 6 p.m. |
| Wednesday, January 1, 1992 | Holiday, excluded by statute |
| Thursday, January 2, 1992 | 24 hours/1 day |
| Friday, January 3, 1992 | 48 hours/2 days |
| Saturday, January 4, 1992 | excluded by statute |
| Sunday, January 5, 1992 | excluded by statute |
| Monday, January 6, 1992 | 72 hours/3 days |
| Tuesday, January 7, 1992 | 96 hours/4 days |
| Wednesday, January 8, 1992 | 117 3/4 hours/5 days 3:45 p.m. petition filed |
| Thursday, January 9, 1992 | 6 days |
| Friday, January 10, 1992 | 7 days/45 day commitment order |

Appellant argues that section 20-47-210(a)(1) requires that a petition be filed in the probate court of the county in which the person resides or is detained within seventy-two (72) hours of his detention, excluding weekends and holidays, and since the petition was not filed within seventy-two (72) hours, the petition should have been dismissed. We agree.

■■ Section 20-47-210(a)(1) provides in pertinent part:

A petition, as provided in § 20-47-207, *shall* be filed in the probate court of the county in which the person resides or is

detained within seventy-two (72) hours, excluding weekends and holidays, and a hearing, as provided in § 20-47-209(a)(1) shall be held[.] [Emphasis added.]

"[W]e have held that the word 'shall,' when used in a statute, means the legislature intended mandatory compliance unless such an interpretation would lead to absurdity." *Baumer* v. *State*, 300 Ark. 160, 163, 777 S.W.2d 847, 849 (1989). The petition should have been filed within seventy-two (72) hours and since the legislature intended mandatory compliance, we find failure to file the petition within seventy-two (72) hours, excluding weekends and holidays, requires dismissal of the petition. *Garrett* v. *Andrews*, 294 Ark. 160, 741 S.W.2d 257 (1987), *cert. denied sub nom. Andrews* v. *Adams*, 487 U.S. 1219 (1988) (ten day filing limit in election contest jurisdictional, failure to comply requires dismissal). The court lacked jurisdiction to decide the petition, which was filed outside the statutory time limit, and thus erred by committing appellant for a period not to exceed forty-five (45) days. Since the forty-five (45) day period has already run, we cannot remedy this error by ordering appellant to be released, but we do order that the decision of the trial court be reversed and dismissed and record of appellant's involuntary commitment pursuant to the court's order be removed from his record at the Arkansas State Hospital.

Reversed and dismissed.