Bernadette BLACK *v*. STATE of Arkansas

CA 95-179                                                915 S.W.2d 300

Court of Appeals of Arkansas
Division II
Opinion delivered February 21, 1996

*William R. Simpson, Jr.*, Public Defender, and *Julie B. Jackson*, Deputy Public Defender, by: *Stephen W. Parker*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Bernadette Black appeals

the order of involuntary commitment entered by the Pulaski County Probate Court on December 6, 1994. After hearing testimony from Tracy Petty, a member of the appellant's treatment team, and from appellant, the probate judge ordered appellant to undergo an additional period of treatment for her mental illness at the Little Rock Community Mental Health Center "or other appropriate facility." This appeal followed. The record does not indicate that a stay was obtained to suspend enforcement of the order entered by the probate judge. Thus, the 180-day period of treatment would have ended by June 1995, as is argued by the appellee in its brief urging that the appeal is now moot.

Although appellee's mootness challenge would otherwise be dispositive of this appeal, when a case involves a public interest, or tends to become moot before litigation can run its course, or a decision might avert future litigation, appellate courts have regularly refused to permit mootness to determine the outcome. *Campbell* v. *State*, 311 Ark. 641, 846 S.W.2d 639 (1993). The involuntary commitment statute involved in this litigation provides for short-term commitment up to 180 days. Therefore, most persons committed under the statute will, like appellant, have been released before their appeals can be decided. Because the record does not contain proof pursuant to the clear and convincing evidence standard that Ark. Code Ann. §20-47-215 (Repl. 1991) prescribes for evidence at hearings seeking an additional period of involuntary admission, we are not persuaded that the mootness argument should determine the result. Sub-section (c)(3) of that statute states that the "need for additional involuntary admission shall be proven by clear and convincing evidence." The criteria for involuntary admission prescribed in Ark. Code Ann. §20-47-207(c) apply to this case.

Clear and convincing evidence, which is a higher burden of proof than preponderance, has been defined as proof so clear, direct, weighty, and convincing that the fact finder is able to come to a clear conviction, without hesitation, of the matter asserted. It is that degree of proof that will produce in the trier of fact a firm conviction respecting the allegation sought to be established. *Maxwell* v. *Carl Bierbaum, Inc.*, 48 Ark. App. 159, 893 S.W.2d 344 (1995). In *McLain* v. *McLain*, 36 Ark. App. 197, 820 S.W.2d 295 (1991), we declared that clear and convincing evidence is evidence by a credible witness whose memory of

the facts about which he or she testifies is distinct, whose narration of the details is exact and in due order, and whose testimony is so direct, weighty, and convincing as to enable the fact finder to come to a clear conviction, without hesitation, of the truth of the facts related. *See also First Nat. Bank* v. *Rush*, 30 Ark. App. 272, 785 S.W.2d 474 (1990).

There was not "clear and convincing evidence" at the December 6, 1994, hearing before the probate court that appellant posed a clear and present danger to herself or to others. There was no proof that she had inflicted serious bodily injury to herself, had attempted suicide or other serious self-injury, or that there was any probability (let alone a reasonable probability as required by the statute) that such conduct would be repeated without extending her involuntary admission. There was no proof that appellant had engaged in recent behavior demonstrating that she lacked the capacity to care for her own welfare, and that there was reasonable probability of death, serious bodily injury, or serious physical or mental debilitation without involuntary admission. In short, there was insufficient evidence to meet the clear and convincing evidence standard applicable to this case. Instead, the probate court granted the petition to extend appellant's involuntary admission based upon the unsupported testimony of her social worker who conceded during cross-examination that appellant had been compliant with outpatient appointments and medication, and who admitted that she had not witnessed appellant threaten or harm herself or others. The social worker also admitted that appellant was able to care for herself and her personal hygiene. While the social worker testified that appellant had refused to keep a day treatment appointment at Pinnacle Pointe, she also conceded that the treatment staff had taken no action to have appellant taken into custody despite the knowledge that she was already under an involuntary commitment order. This testimony does not support the premise that appellant's treatment team viewed her condition to be life-threatening.[1]

---

[1] Although this issue is not raised on appeal and, consequently, is not determinative of the result we reach, we note that none of the treatment documents appended to the record are signed by an attending psychiatrist despite the fact that a signature block for verifying the documents appears on them. Parties would be wise to ensure that proof

■ Before a person can be committed for mental-health treatment against her will the law demands that clear and convincing evidence, the highest standard of proof applicable to civil litigation, be presented regarding the basis for involuntary commitment. That proof was not introduced. There was proof that appellant needs mental-health treatment on a continuing basis, and the record shows that she had been involuntarily committed in the past. But on the petition for additional involuntary commitment that is the subject of this appeal, the State failed to prove by clear and convincing evidence that appellant posed a clear and present danger to herself, to others, or that she was unable to care for herself. Therefore, it was error for the probate court to grant the petition for involuntary commitment and order appellant to undergo an additional 180-day period of involuntary commitment.

We reverse and dismiss the probate order appealed from in this case, and order that the record of appellant's involuntary commitment be removed from the treatment records of the Community Mental Health Center of Little Rock. *See Campbell* v. *State*, 51 Ark. App. 147, 912 S.W.2d 446 (1995).

Reversed and dismissed.

COOPER and STROUD, JJ., agree.

---

consisting of treatment records which require medical verification (or verification by some other clinical professional) comply with the verification requirement in order to be given appropriate probative weight, especially in view of the clear and convincing evidence standard in these cases.