The Honorable Tom Cooper, Prosecuting Attorney 9th Judicial District West Little River County Courthouse P.O. Box 214 Ashdown, Arkansas 71822
Dear Mr. Cooper:
This official Attorney General opinion is issued in response to your questions regarding a waiver of the fee for filing an easement.
You indicate that your question arises out of a situation involving a rural water association that was recently formed in Sevier County. Certain members of the association's board have approached the county judge and requested that all easements concerning the association be filed free of charge for the benefit of the county residents and to help ensure that the association is a success. You have asked the following questions:
 (1) Does the county judge, circuit clerk, or the quorum court have the authority to waive the filing fee on an easement for a rural water association?
 (2) If any of the individuals or entities listed in Question 1 do have such authority, what steps are necessary to ensure a valid waiver of the fee?
RESPONSE
Question 1 — Does the county judge, circuit clerk, or the quorum courthave the authority to waive the filing fee on an easement for a ruralwater association?
It is my opinion that the county judge, the circuit clerk, and the quorum court are all without authority to waive the fee for filing an easement.
The fee for filing and recording easements is established by A.C.A. §21-6-306, which states:
 (a) The uniform fees to be charged by the recorders in the various counties in this state shall be as follows:
 (1) For recording deeds, deeds of trust, mortgages, release deeds, powers of attorney, and other recordable instruments, except as otherwise prescribed in this section, six dollars ($6.00) for one (1) page, one (1) side only, and two dollars ($2.00) for each additional page.
A.C.A. § 21-6-306.
The above-quoted provision is stated in mandatory language, see Campbellv. State, 311 Ark. 641, 846 S.W.2d 639 (1993) (use of the word "shall" indicates intent that provisions be mandatory), and it grants no discretion to any county official to change the requirements set forth therein. I find it notable that the legislature has granted such discretion in connection with certain other fees. See, e.g., A.C.A. §16-14-105(c). The fact that it has done so in other instances indicates that it purposely chose not to do so in this instance.
Nor can the power to waive filing fees be inferred from the specific powers that are granted to the county judge, the circuit clerk, or the quorum court. The powers and duties of the county judge, the circuit clerk, and the quorum court are set forth at Amendment 55, § 3 of the Arkansas Constitution and A.C.A. § 14-14-1101 1102 (county judges); A.C.A. § 14-14-1302(a)(2) and A.C.A. § 16-20-301 — 310 (circuit clerks); and A.C.A. § 14-14-801 — 810 (quorum courts), respectively. None of these stated powers and duties includes the authority to waive filing fees, nor do they include any authority that could be construed to encompass the authority to waive filing fees. Moreover, the county is specifically prohibited from taking action that is in conflict with state law. See
A.C.A. § 14-14-805(13). Because the state has taken express action with regard to filing fees, neither the county nor any of its officials can contradict that state action.
For these reasons, I must conclude that the county judge, the circuit clerk, and the quorum court do not have the authority to waive the fee for filing an easement.
Question 2 — If any of the individuals or entities listed in Question 1do have such authority, what steps are necessary to ensure a valid waiverof the fee?
In light of the response to Question 1, Question 2 is moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh