The Honorable Larry Teague State Representative Post Office Box 903 Nashville, Arkansas 71852-0903
Dear Representative Teague:
This is in response to your request, on behalf of Sheriff John Partain of Sevier County, for an opinion concerning the transportation of persons to mental health facilities. It is my understanding that an apartment complex houses "mentally ill" patients, and "when these patients get off their medication or become unruly," the apartment complex contacts the sheriff to immediately transport the patient to the State Hospital. With regard to this situation, you have presented the following questions:
 1. Do we [sheriff's office] transport without an order, or does the facility staff need to get a court order for us to transport?
 2. If the person may be transported without an order, then who transports the person: the city police or the sheriff's office? According to Act 861 of 1989, if the facility is in a first class city, the law enforcement officer in that city shall transport.
 3. If the city police are responsible to transport and they refuse, is it then the duty of the sheriff to transport?
 4. If it is the duty of the sheriff, what action can be taken to force the city police to perform their duty?
RESPONSE
Question 1 — Do we [sheriff's office] transport without an order,or does the facility staff need to get a court order for us totransport?
In my opinion, the answer to this question will ultimately depend upon all of the facts and circumstances in each particular case. Arkansas Code Annotated § 20-47-210 (Repl. 1991) generally governs the immediate confinement of an individual to a mental health facility, and that provision provides two methods for immediate confinement. If it appears that a person is a danger to himself or others as a result of a mental illness, and immediate confinement appears necessary to avoid harm to such person or others, then (1) an individual may file a petition for involuntary admission with a request for immediate confinement or (2) an interested citizen or a law enforcement officer may take the person to a hospital or receiving facility. A.C.A. §20-47-210(a); see also Op. Att'y Gen. 94-139.
If a petition for involuntary admission with a request for immediate confinement is filed, the probate judge shall conduct anex parte hearing in order to determine whether there is reasonable cause to believe that the person meets the criteria for involuntary admission and whether the person or others are in imminent danger of death or serious bodily harm due to the mental condition of the person. A.C.A. § 20-47-210(b). If the probate judge determines that immediate confinement is necessary, the judge shall order the law enforcement agency that exercises jurisdiction at the site where the individual is physically present to transport the individual to an appropriate receiving facility. A.C.A. § 20-47-210(b)(3).
The second method does not require a prior hearing or a court order and appears to be more relevant to your question. With regard to this method, if it appears that the person to be confined poses a clear and present danger to himself or others and immediate confinement appears necessary, then:
 An interested citizen may take said person to a hospital or to a receiving facility or program. If no other safe means of transporting such individual is available, it shall be the responsibility of the law enforcement agency that exercises jurisdiction at the site where the individual is physically located and requiring transportation, or unless otherwise ordered by the judge.[1]
A.C.A. § 20-47-210(a)(1); see Campbell v. State, 311 Ark. 641,846 S.W.2d 639 (1993); Op. Att'y Gen. 94-139; see also A.C.A. §20-47-207 (Repl. 1991). Thus, if no other safe means of transporting an individual is available and, based upon the particular facts and circumstances, it appears that the person poses a clear and present danger to himself or others, then the law enforcement agency that exercises jurisdiction at the site where the individual is physically located must transport the individual to the mental health facility. It should, however, be noted that under this provision the initial determination of whether a person poses a clear and present danger to himself or others is made by the law enforcement agency. See A.C.A. §20-47-207 (criteria regarding whether a person poses a clear and present danger to himself or others).
Question 2 — If the person may be transported without an order,then who transports the person: the city police or the sheriff'soffice? According to Act 861 of 1989, if the facility is in afirst class city, the law enforcement officer in that city shalltransport.
As discussed in my response to question one, under certain circumstances an individual may be transported without a court order, and providing the transportation may be the responsibility of the "law enforcement agency that exercises jurisdiction at the site where the individual is physically located and requiring transportation." In Opinion No. 91-091 (copy enclosed), I opined that the appropriate law enforcement agencies are generally the sheriff and the police of the respective county and city involved. If the individual is located in the city, it appears that both the sheriff and police have a responsibility to provide transportation; however, if the individual is located outside the city, then the sheriff is most likely responsible for providing transportation.
With regard to your reference to Act 861 of 1989 and a facility in a city of the first class, it appears that you are referring to A.C.A. § 20-47-204 (Repl. 1991).[2] In my opinion, the provision you have referenced is not applicable because it addresses certain persons who leave a mental health facility after they were voluntarily admitted. Section 20-47-204 provides in part:
 (A) A person voluntarily admitted who absents himself from a hospital or receiving facility or program, as defined in this subchapter, may be placed on elopement status and a pick-up order issued if, in the opinion of the treatment staff, the person meets the criteria for involuntary admission as defined in 20-47-207.
 (B) It shall be the responsibility of the sheriff of the county or a law enforcement officer of the first-class city in which the individual is physically present to transport the individual.
It is my understanding that the apartment complex referred to in your letter is not a receiving program or facility as defined in A.C.A. § 20-47-201 et seq., and no pick-up order has been issued.
Question 3 — If the city police are responsible to transport andthey refuse, is it then the duty of the sheriff to transport?
Question 4 — If it is the duty of the sheriff, what action can betaken to force the city police to perform their duty?
As discussed in my response to question two concerning transportation without an order, if the individual is located in the city, it appears that both the sheriff and police have a responsibility to provide transportation. A.C.A. § 20-47-210. Thus, if either law enforcement agency determines that a person poses a clear and present danger to himself or others, and no other safe means of transporting the individual is available, then the law enforcement agency must provide transportation. Of course, the court retains ultimate authority to determine who should transport an individual to a mental health facility, and both the city police and county sheriff must obey any applicable court order. See Op. Att'y Gen. 91-091.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
Enclosure
[1] This provision further provides that a petition for involuntary admission shall be filed within seventy-two hours and an "initial hearing" shall be held as provided in A.C.A. §20-47-209(a)(1). See Op. Att'y Gen. 94-139.
[2] In the attached letter, Sheriff Partain refers to Section 3 of Act 1989, which has been codified as A.C.A. § 20-47-204.