The Honorable Ann H. Bush State Representative P.O. Box 246 Blytheville, AR 72316-0246
Dear Representative Bush:
You have requested an Attorney General's opinion in response to the following question:
 Can a city civil service commission rehire a fire chief who retired, participated in, and completed the Deferred Retirement Option Plan?
It is my opinion that a city civil service commission may not rehire a fire chief who retired, participated in, and completed the Deferred Retirement Option Plan (DROP).
My opinion regarding this matter is based upon the unambiguous language of the statutes governing the DROP program for fire fighters, as explained more fully below.
A.C.A. § 24-11-830 states in pertinent part:
 (c)(2) At the conclusion of a member's participation in the Arkansas Fire Fighters' Deferred Retirement Option Plan, the member shall terminate employment with all participating municipalities as a fire fighter and shall start receiving the member's accrued monthly retirement benefit from the firemen's pension and relief fund.
A.C.A. § 24-11-830(c)(2).
The above-quoted statute unequivocally requires that at the conclusion of a DROP member's period of participation in the DROP program, the member terminate employment with all participating municipalities as a fire fighter. This requirement is stated using the mandatory term "shall."See Campbell v. State, 311 Ark. 641, 846 S.W.2d 639 (1993) (use of the word "shall" in statute indicates intent that provisions be mandatory). Under this plain language, a participating municipality must not employ a DROP participant who has completed the DROP program.[1]
I am aware that an argument could be made that the provisions of A.C.A. § 24-11-827 are applicable to this situation, thus allowing the fire chief in question to be rehired. (A.C.A. § 24-11-827 allows "age or service retirant[s]" to return to employment and to re-join the fire pension system from which they had retired.) The argument that this statute is applicable to DROP participants would be based upon an interpretation of A.C.A. § 24-11-827 under which the term "service retirant" would include DROP participants. It is my opinion that such an interpretation of A.C.A. § 24-11-827 is incorrect. My predecessor has previously opined that this provision is not applicable to DROP participants, see Op. Att'y Gen. No. 98-057, and I concur in that position. My interpretation (which does not read the term "service retirants" to include DROP participants) is based upon two factors. First, A.C.A. § 24-11-827 was passed before the DROP program was created and therefore could not have contemplated inclusion of DROP participants. See Acts 1991, No. 429, § 1; Acts 1993, No. 1004, § 1. Second, the primary DROP statute, A.C.A. § 24-11-830, makes a clear distinction between DROP participants and "service retirants." See
A.C.A. § 24-11-830(d)(3). Accordingly, it is my position that a DROP participant who retires is not a "service retirant" within the meaning of A.C.A. § 24-11-827.
For the foregoing reasons, I conclude that a city civil service commission may not rehire a fire chief who has participated in and completed the DROP program.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] It is my opinion that this requirement is an explicit statutory exception to the more general rule that retirees may return to employment if they do not rejoin their retirement systems (other than where statutorily authorized). See, e.g., Op. Att'y Gen. No. 98-162.