The Honorable Dean Elliott State Representative 130 Apple Blossom Loop Maumelle, AR 72113-6031
Dear Representative Elliott:
You have requested an Attorney General opinion concerning retirement benefits for city clerk-treasurers.
Your questions are as follows:
 (1) In order for a city clerk-treasurer to be afforded the retirement benefits provided for in A.C.A. § 24-12-121, must there first be a vote on the question by the qualified electors of the city as provided for in A.C.A. § 24-12-103?
 (2) May a city operated under the "city manager" form of government require a city clerk to avail oneself of retirement benefits afforded all employees as opposed to receiving retirement benefits under A.C.A. § 24-12-121?
RESPONSE
Question 1 — In order for a city clerk-treasurer to be afforded theretirement benefits provided for in A.C.A. § 24-12-121, must there firstbe a vote on the question by the qualified electors of the city asprovided for in A.C.A. § 24-12-103?
It is my opinion that there need not be a vote pursuant to A.C.A. §24-12-103 in order for a city clerk-treasurer to receive retirement benefits provided for in A.C.A. § 24-12-121.
A.C.A. § 24-12-103 states in pertinent part:
 (a) The provisions of this act shall be suspended and inoperative in any city affected by the provisions of the act until made available by a vote favorable thereto of the majority of the qualified electors of the cities participating in any election on the question and held at the time of any election in the city, whether state, city, special, or federal, or at a special election called for the purpose of voting on the question.
A.C.A. § 24-12-103(a).
The above-quoted section requires a vote of the electorate in order for the benefits provided in what is referred to as "this act" to be effective. The phrase "this act," used in the above-quoted section, refers to Act 147 of 1949. That act, which provided certain benefits for municipal employees, is codified in full at A.C.A. § 24-12-101 through -118.
A.C.A. § 24-12-121, about which you also inquired, was not a part of Act 147 of 1949. That statute states:
 (a) Any city clerk or clerk-treasurer in a city of the first class who shall have served as city clerk, clerk-treasurer, and city treasurer for a period of not less than ten (10) years, upon reaching the age of sixty (60) years, or who shall serve twenty (20) years without regard to age, shall be entitled to retire from office for the remainder of his or her life at the retirement pay provided for in this section.
 (b)(1) Any city clerk, city treasurer, or any person serving as city clerk or clerk-treasurer who shall retire, or be succeeded by another city clerk or clerk-treasurer within the provisions of this section shall be paid monthly a sum equal to one-half (1/2) of the monthly salary received by him during the last preceding year of his service.
 (2) The retirement pay shall be paid by the city from its general fund account.
 (c) Any city clerk or clerk-treasurer in a city of the first class who has served in another capacity with the same city, and that capacity of service also provides for a retirement plan, may apply all years served in that previous capacity toward the accrual of the vesting period provided for in subsection (a) herein, if approved by the city council. Benefits shall be paid proportionally from the various funds applicable to the respective capacities of service. This shall be based on the length of service in each capacity for the city.
A.C.A. § 24-12-121.
Because the above-quoted statute was not a part of Act 147 of 1949, the provisions of A.C.A. § 24-12-103, quoted previously, which require a vote of the electorate, do not apply to it. Rather, A.C.A. § 24-12-121 was originally enacted as a part of Act 313 of 1957 (and has been amended by subsequent acts). There is nothing in Act 313 of 1957 (or in the subsequent amendments thereto) to indicate any legislative intent that the benefits provided therein be subject to the provisions of Act 147 of 1949. Therefore, the requirement stated in A.C.A. § 24-12-101, that the benefits provided for in "this act" be voted on by the electorate, do not apply to the benefits granted in A.C.A. § 24-12-121, which was not a part of Act 147 of 1949.
Question 2 — May a city operated under the "city manager" form ofgovernment require a city clerk to avail oneself of retirement benefitsafforded all employees as opposed to receiving retirement benefits underA.C.A. § 24-12-121?
It is my opinion that a city[1] cannot require a city clerk to choose the benefits provided in other statutory sections rather than those provided in A.C.A. § 24-12-121.
The language of A.C.A. § 24-12-121 is mandatory. More specifically, that statute provides that the city clerks and treasurers described therein "shall be entitled" to the described benefits. The Arkansas Supreme Court has held many times that the use of the word "shall" in legislation indicates a legislative intent that the legislation's provisions be mandatory. See, e.g., Campbell v. State, 311 Ark. 641, 846 S.W.2d 639
(1993). For this reason, I must conclude that it is mandatory that city clerks and treasurers in cities of the first class be allowed to avail themselves of the benefits provided for in A.C.A. § 24-12-121. I also note that this statute appears to apply to all cities of the first class. The statute indicates no intent that cities operating under the "city manager" form of government be subject to any different requirements concerning the subject of the statute.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] A.C.A. § 24-12-121, by its own terms, applies only to city clerks and treasurers in cities of the first class. My answer to your question therefore applies only to cities of the first class.