Cite as 2020 Ark. App. 435

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-726

| | |
|---|---|
| IN THE MATTER OF CHRISTOPHER SPRINGER | **Opinion Delivered:** September 23, 2020 |
| CHRISTOPHER SPRINGER<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60PR-19-1032] |
| V. | HONORABLE MORGAN E. WELCH, JUDGE |
| CHARLES JENSEN, M.D.<br>APPELLEE | AFFIRMED |

## MIKE MURPHY, Judge

The appellant, Christopher Springer, appeals the order of the Pulaski County Circuit Court involuntarily committing him to a treatment facility for issues related to his mental health. On appeal, Springer argues that he did not receive a timely probable-cause hearing; thus, the circuit court erred when it denied his motion to dismiss the action against him. We affirm.

On Tuesday, May 7, 2019, Christopher Springer arrived at Baptist Health–Little Rock in an unresponsive condition. He was admitted to the hospital's intensive-care unit, where it was determined that he had intentionally overdosed on his father's insulin. He required intubation. Hospital staff was able to stabilize him and safely extubate him. While still in the ICU, Springer became agitated, screaming that he wanted to kill himself. He required sedation. According to his treating physician, Dr. Charles Jensen, Springer "would

spit at people and curse people out and threaten people." Springer expressed suicidal ideation consistently throughout his hospital stay, and on Thursday, May 9, he was moved to the psychiatric ward and placed on a seventy-two-hour psychiatric hold. At that time, he was read his patient rights for receiving involuntary evaluation or treatment. Springer was diagnosed with depressed mood disorder and prescribed medications for it.

On Tuesday, May 14, Dr. Jensen, filed a petition in the probate division of the Pulaski County Circuit Court, requesting that Springer be involuntarily admitted to Baptist Health for treatment of mental illness. A combined probable-cause and involuntary-admission hearing was heard the next day.

At that hearing, Springer objected to the entry of an order for involuntary commitment on the ground that his probable-cause hearing was not held within seventy-two hours of his detention in the psychiatric unit. The court overruled his objection and, on the basis of Dr. Jensen's testimony that Springer required additional psychiatric care, entered an order for involuntary admission for up to forty-five days.

On appeal, Springer argues that the circuit court erred when it denied his motion to dismiss the action because the initial hearing was not held within seventy-two hours of his involuntary detention on May 9, 2019, as required by Arkansas Code Annotated section 20-47-210 (Repl. 2018).[1]

---

[1]Springer was committed under a forty-five-day civil commitment order that, at this point, has long passed. This issue, however, is not moot because it is one that involves public interest and is capable of repetition while evading review. *See Chatman v. State*, 336 Ark. 323, 326, 985 S.W.2d 718, 720, *opinion supplemented on denial of reh'g*, 336 Ark. 323, 991 S.W.2d 534 (1999).

To review, a timeline of the case is as follows:

| | |
|---|---|
| Tuesday, May 7, 2019 | admitted to Baptist in unresponsive condition |
| Thursday, May 9, 2019 | moved to psych unit \| seventy-two-hour hold begins at 2:25 pm |
| Friday, May 10, 2019 | twenty-four hours/one day |
| Saturday, May 11, 2019 | excluded by statute |
| Sunday, May 12, 2019 | excluded by statute |
| Monday, May 13, 2019 | forty-eight hours/two days |
| Tuesday, May 14, 2019 | seventy-three hours/three days \| petition to commit filed 9:13 am |
| Wednesday, May 15, 2019 | hearing held |

We review probate proceedings in the circuit court de novo, and the decision of the circuit court will not be disturbed unless clearly erroneous. *Buchte v. State*, 337 Ark. 591, 594, 990 S.W.2d 539, 541 (1999). We also review issues of statutory interpretation de novo and are not bound by the circuit court's interpretation of a statute. *Bell v. McDonald*, 2014 Ark. 75, at 4, 432 S.W.3d 18, 21.

Procedures for measures that may be taken when a person appears to be a danger to himself or others are set out in Arkansas Code Annotated section 20-47-210. The statute provides, in pertinent part, that whenever it appears a person is a danger to himself or others, and immediate confinement appears necessary to avoid harm, the person may be taken or transported to a hospital, receiving facility, or program. Ark. Code Ann. § 20-47-210(a)(1). At the crux of this issue, the statute says that "[a] petition, as provided in § 20-47-207, shall be filed in the circuit court of the county in which the person resides or is detained within seventy-two hours, excluding weekends and holidays, and a hearing, as provided in § 20-47-209(a)(1) shall be held."

Subsection (c) additionally provides that if the person is transported to a hospital, then the hospital or physician may detain the person for initial evaluation and treatment

provided that (1) the person is immediately advised of his rights; (2) he is determined to be a danger to himself or others; and (3) a hearing pursuant to § 20-47-209(a)(1) is held "within the specified time period." Ark. Code Ann. § 20-47-210(c).

Turning to Arkansas Code Annotated section 20-47-209, this statute provides that after the petition is filed, a hearing must be held within three days of that event before the probate judge of that county to determine whether there is probable cause to believe the person has a mental illness and is a danger to himself or to others. *Chatman*, 336 Ark. at 327–28, 985 S.W.2d at 721.

Springer contends that the circuit court erred in dismissing his petition because according to section 210(a)(1), the initial probable-cause hearing should have been held within seventy-two hours of his initial detention (excluding the weekend), thus requiring the hearing to be held no later than May 14, 2019.

We disagree. Section 210(a)(1) explains when the petition should be filed (within seventy-two hours of the person being taken to a hospital, receiving facility, or program). That same section then directs that a hearing shall be held pursuant to section 20-47-209(a)(1). Section 209 provides that "[t]he hearing shall be set by the court within three (3) days, excluding weekends and holidays, of the filing of the original petition."

Springer argues that *Chatman*, *supra*, and *Campbell v. State*, 311 Ark. 641, 645, 846 S.W.2d 639, 641 (1993), support the position that compliance with the requirement that the initial probable-cause hearing be held within seventy-two hours of detention is mandatory. We do not read them that way. In *Chatman*, the appellant was picked up on Friday, August 1, 1997, by a deputy sheriff after the sheriff's office received a call that

4

Chatman had a gun and was threatening suicide. He was jailed for one night and then transported to the Arkansas State Hospital on Saturday, August 2, where he was detained without a hearing until the following Friday, August 8, at which point the order for involuntary commitment was entered. The supreme court reversed Chatman's order for commitment, writing that "[t]his violates the procedure for involuntary admissions as well as the procedure for immediate confinements as clearly expressed by the statutory scheme in that no probable-cause hearing was held within three days of the petition's being filed or his detention in the Arkansas State Hospital." *Id.* at 329, 985 S.W.2d at 721–22.

In *Campbell*, the issue was even simpler: whether the original petition for involuntary commitment had been timely filed. There, our supreme court held that because the petition had not been filed within seventy-two hours of Campbell's detention, the case should have been dismissed. *Campbell*, 311 Ark. at 645, 846 S.W.2d at 641.

We do acknowledge that there is a term of art used in this area of law that could lead to some confusion if not read carefully. In *Chatman*, our supreme court wrote,

> It is imperative under the statutes that a probable-cause hearing, justifying further detention and evaluation, be conducted within three days of the petition for involuntary admission or, in the case of immediate confinement, within three days of detention. The hearing to determine probable cause is mandatory, and no hearing was held.

*Chatman*, 311 Ark. at 329, 985 S.W.2d at 722.

Note the phrase "immediate confinement." Standing alone, it is understandable that one would read this sentence to mean that the probable-cause hearing should be held within seventy-two hours of detention. "Immediate confinement," however, is a term of art found in Arkansas Code Annotated section 20-47-210(a)(2) and (b), and the time constraints

associated with it under this section are limited to situations in which a judge finds probable cause in an ex parte hearing and subsequently orders law enforcement to retrieve the individual in danger and transport him or her to a receiving facility. This portion of the statute is inapplicable because Springer was detained by, and evaluated at, the hospital, thus section 20-47-210(c) applies.

Accordingly, because a probable-cause hearing was held within seventy-two hours of a petition being filed, and that petition was likewise filed within seventy-two hours of Springer's detention, the circuit court did not err in denying Springer's motion to dismiss.

Springer contends this leads to an absurd result—one in which a person could be confined for up to six days before a probable-cause hearing is ever held. He further contends this carries constitutional implications and invites challenges based on equal-protection concepts. These are not arguments that were made to the circuit court, and we will not address arguments, even constitutional ones, for the first time on appeal. *Miner v. State*, 342 Ark. 283, 28 S.W.3d 280 (2000). We affirm.

Affirmed.

GRUBER, C.J., and VAUGHT, J., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.