Cite as 2024 Ark. App. 283

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-23-465

| | | |
|---|---|---|
| HOLLY JONES | | Opinion Delivered May 1, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23PR-23-171] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE TROY BRASWELL, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

Holly Jones appeals the Faulkner County Circuit Court's decision to grant a petition to involuntarily commit her for forty-five days. On appeal, Jones contends that (1) the petition for her commitment was deficient because it was unverified; (2) the petition failed to allege specific facts supporting the contention that she was a clear and present danger to herself or others; (3) there is no evidence in the record that she was served with a copy of a statement of rights; (4) the circuit court failed to attach her treatment plan to the commitment order; (5) hearsay evidence was erroneously admitted; and (6) the commitment was not supported by clear and convincing evidence. We affirm.

I. *Relevant Facts*

On March 16, 2023, Jessica Burroughs, the interim director of clinical services at the Conway Behavioral Health facility (CBH), filed a petition for the involuntary forty-five-day

commitment of Holly Jones. The petition alleged that treatment and supervision was necessary because Jones posed a likelihood of danger to herself or others. In the affidavit attached to the petition, Burroughs stated that Jones was admitted to CBH for a seven-day mental-health evaluation in September 2022; however, Jones absconded after the petition was granted. Jones returned to Arkansas, and on March 13, 2023, Jones was admitted to CBH with "exacerbated psychosis," presenting "rambling, pressured speech and manic behaviors." Jones had not complied with medication treatment, refused to attend group therapy, and was diagnosed with bipolar I, mania. She denied needing treatment; was highly uncooperative, irritable, and paranoid; demonstrated poor judgement; and lacked awareness and insight into her condition. Burroughs stated that Jones was "at high risk for continued safety concerns, impulsive behaviors that have led to arrests and incarceration, and violence toward others." The circuit court set a hearing for the next day.

At the hearing, Burroughs testified that Jones was involuntarily committed for seven days in September 2022; however, Jones left the state before she was committed, and the petition was not fulfilled. Burroughs stated that Jones has bipolar I, mania; and Jones believed that her family members and treatment team are "psychopaths." During her seven-day commitment preceding this hearing, Jones refused medication and treatment and had been verbally aggressive, combative, irritable, agitated and "can go from completely calm to completely off in seconds. And she does get very close to you, does call you all different types of names, and closes that gap. And it does present that threat and danger." Jones, who was represented by counsel, testified that she had recently been in Texas and incurred legal issues there: "I drove to Texas because I needed to report a crime against my landlord who was a federal magistrate. So, I wanted to be

in a different state. So, I did that. And I ran into an issue where I was already on a list." Jones testified that two weeks before the hearing, when she was still in Texas, she was found competent to stand trial for assault. Jones stated that she was not suicidal. When Jones was asked if she wanted to hurt anybody else, she responded "No. But I have been baited a lot in the facility where I have been." Jones stated that she was able to care for herself, and she would like to live at Our House because she had very little money, and the director of Our House was a fellow alum of Hendrix College. Jones testified that she had obtained a second opinion regarding her need for medication, and she did not need medication. Jones testified that she was not currently taking any medication at all, and she stopped taking lithium and Risperdal because it gave her inner-ear issues and tardive dyskinesia.

The court granted the petition, finding that "Ms. Jones needs her commitment extended to get back on a good medicine regimen so that she can be safe." After Jones expressed her opinion that the court had not listened to her testimony, the court explained that "[w]hen the evidence is overwhelming that you don't know what's going on, that you are saying things that are not consistent with reality~ . . . I have found by clear and convincing evidence that you need continued treatment."

The same day, the circuit court entered the order finding that there was clear and convincing evidence that Jones suffered from mental illness and posed a clear and present danger to herself or others. The court ordered that Jones be admitted to the Arkansas State Hospital for forty-five days. Jones timely filed her notice of appeal.

## II. *Discussion*

### A. Preservation of First Five Points on Appeal

We first address the preservation issues regarding Jones's first five points on appeal.

For her first point on appeal, Jones argues that the petition for her commitment was deficient because the notary did not add his signature to his seal; thus, it was unverified—a fatal flaw that in her reply brief she contends failed to convey jurisdiction. Jones's argument is not preserved for appeal because Arkansas Code Annotated § 20-47-207(a) (Repl. 2018) addresses venue, not jurisdiction:

> (a) WRITTEN PETITION — VENUE. Any person having reason to believe that a person meets the criteria for involuntary admission as defined in subsection (c) of this section may file a verified petition with the circuit clerk of the county in which the person alleged to have mental illness resides or is detained.

"[A]bsent an issue of subject-matter jurisdiction, an appellate court will not address an issue if it was not presented to the trial court, ruled upon by the trial judge, and argued by the parties on appeal." *Edwards v. Edwards*, 2009 Ark. 580, at 8, 357 S.W.3d 445, 450. Arkansas Code Annotated § 20-47-207(a) is a permissive rule that does not pertain to jurisdiction; thus, we decline to reach the issue Jones raises regarding verification of the petition.

For her second point on appeal, Jones contends that the petition for involuntary commitment failed to allege specific facts to support the contention that she was a clear and present danger to herself or others. Jones had an opportunity to file a motion to dismiss the petition or raise this issue at the hearing but did not do so. We will not address issues raised for the first time on appeal; thus, this issue is not preserved for our review. *See Westin v. Hays*, 2017 Ark. App. 128, at 3, 513 S.W.3d 900, 903; *Mason v. State*, 2014 Ark. App. 285, 435 S.W.3d 510.

For her third point on appeal, Jones argues that Burroughs's entire testimony was hearsay, and the circuit court erred in considering it. Her argument is not preserved because Jones failed to object to hearsay during Burroughs's testimony. Our courts have frequently held that a contemporaneous objection must be made to the circuit court before we will review an alleged error on appeal. *See Washington v. Washington*, 2013 Ark. App. 54, at 10, 425 S.W.3d 858, 865.

In her fourth point on appeal, Jones contends that she was not served with her statutorily required statement of rights, and without valid service of process, the court lacked jurisdiction over the petition. Jones is correct that Ark. Code Ann. § 20-47-211 (Repl. 2018) requires that the statement of rights be served on the detainee; however, the service of the statement of rights is not a jurisdictional issue. The statute states no specific remedy for failure to serve the statement on the defendant or to provide these rights, short of constitutional due-process remedies. *See id.* Jones, who was represented by counsel, had the opportunity to object to lack of service of her statement of rights at the outset of the hearing or in a motion to dismiss; however, she did not, and her argument is not preserved for appeal. *See In re Springer*, 2020 Ark. App. 435, at 6–7 ("[W]e will not address arguments, even constitutional ones, for the first time on appeal.").

For her fifth point on appeal, Jones also asserts that the circuit court failed to attach her treatment plan to the order of commitment, which she argues is a substantive violation of her rights. Arkansas Code Annotated section 20-47-218(d) provides the following:

> (1) A treatment plan will be submitted to the court for approval at hearings held under §§ 20-47-214 and 20-47-215.

(2) The treatment plan will be submitted by the person's treatment staff of the hospital or the receiving facility or program to which the person has been involuntarily admitted.

(3) The approved treatment plan shall be incorporated by reference as a part of the court's order of involuntary admission.

This issue is not preserved for appeal because Jones did not object at the hearing when no treatment plan was submitted to the court. *See Washington*, *supra*.

B. Sufficiency of the Evidence

For her last point on appeal, Jones contends that the evidence she was a danger to herself or others was insufficient to support the court's decision to grant the petition for involuntary commitment. We disagree.

Arkansas Code Annotated section 20-47-207(c) sets forth the criteria for involuntary admission:

(1) A person shall be eligible for involuntary admission if he or she is in such a mental condition as a result of mental illness, disease, or disorder that he or she poses a clear and present danger to himself or herself or others.

(2) As used in this subsection, "a clear and present danger to himself or herself" is established by demonstrating that:

(A) The person has inflicted serious bodily injury on himself or herself or has attempted suicide or serious self-injury, and there is a reasonable probability that the conduct will be repeated if admission is not ordered;

(B) The person has threatened to inflict serious bodily injury on himself or herself, and there is a reasonable probability that the conduct will occur if admission is not ordered; or

(C) The person's recent behavior or behavior history demonstrates that he or she so lacks the capacity to care for his or her own welfare that there is a reasonable probability of death, serious bodily injury, or serious physical or mental debilitation if admission is not ordered; or

(D)(i) The person's understanding of the need for treatment is impaired to the point that he or she is unlikely to participate in treatment voluntarily;

(ii) The person needs mental health treatment on a continuing basis to prevent a relapse or harmful deterioration of his or her condition; and

(iii) The person's noncompliance with treatment has been a factor in the individual's placement in a psychiatric hospital, prison, or jail at least two (2) times within the last forty-eight (48) months or has been a factor in the individual's committing one (1) or more acts, attempts, or threats of serious violent behavior within the last forty-eight (48) months.

(3) As used in this subsection, "a clear and present danger to others" is established by demonstrating that the person has inflicted, attempted to inflict, or threatened to inflict serious bodily harm on another, and there is a reasonable probability that the conduct will occur if admission is not ordered.

A hearing must be held on a petition for involuntary confinement, and at that time, the court must determine whether clear and convincing evidence has been presented that the person sought to be involuntarily admitted is a danger to herself or to others. *Bates v. State*, 2016 Ark. App. 326, at 6, 495 S.W.3d 645, 649. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Id.* The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. When a case becomes moot before litigation can run its course, appellate courts have regularly refused to permit mootness to determine the outcome, particularly in cases of involuntary commitments. *Black v. State*, 52 Ark. App. 140, 915 S.W.2d 300 (1996).

The testimony at the involuntary-admission hearing, albeit scant, supports the circuit court's order for involuntary commitment. Here, the testimony described the interplay between Jones's refusal to receive any treatment and her aggressive, paranoid, impulsive, and combative behavior. Burroughs testified that Jones had been diagnosed with bipolar I, mania, but she denied the need for treatment and refused all treatment. She testified that Jones is "at high risk for continued safety concerns, impulsive behaviors that have led to arrests and incarceration, and violence toward others." Burroughs explained that when Jones is agitated, she calls people names and gets in their personal space, and she is threatening to others. Moreover, Jones's own testimony supports the court's determination. Jones testified that she believed her landlord was a federal magistrate and that she was "on a list." She decided that it was necessary to go to Texas and report the crime she believed her landlord committed. While she was in Texas, she was charged with assault. When she returned to Arkansas and was committed to CBH for seven days, she claimed her aggressive behavior at the facility was caused by being "baited" by the staff. The circuit court decided that medication and treatment for Jones's bipolar disorder went hand in hand with her aggressive behaviors, finding that Jones needed to be involuntarily committed "to get back on a good medicine regimen so that she can be safe." We acknowledge that this is a close case; however, giving due deference to the circuit court's superior position to weigh the evidence, we are not left with a firm conviction that a mistake was made, and we affirm.

Affirmed.

HARRISON, C.J., and BARRETT, J., agree.

*Joseph Paul Smith, P.A.*, by: *Heather Hersh*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.