SLIP OPINION



Cite as 2014 Ark. App. 285

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-478

| | |
|---|---|
| GARRITT SCOTT MASON<br>APPELLANT | **Opinion Delivered** May 7, 2014 |
| V. | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR-12-608] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Judge

Garritt S. Mason was tried before a jury in the Circuit Court of Garland County for the unlawful practice of chiropractic medicine. Dennis Hendrix, a private investigator, testified that the Chiropractic Examiners Board obtained his services to gather information about the Alphabiotics Center in Hot Springs; that he presented himself at the clinic, requesting treatment for shoulder and neck pain; and that Mason, after a lengthy discussion of the benefits of alphabiotics, said that he was able to relieve head and neck pain by certain procedures. Hendrix testified that he was required to sign a membership agreement and pay a $20 membership fee; that he lay on a table and Mason examined him; and that Mason performed several maneuvers on him, pulling his head slightly and rapidly twisting it to one side and then the other. Mason was convicted, was fined $5000, and was required to pay court costs of $170.

Acting pro se on appeal, as he did at trial, Mason raises three points. First, he contends

SLIP OPINION

that he was not able to exercise his due-process rights because he was not allowed to present his "association rights" defense to the jury. He contends in his second point that Detective Mike Lydon of the Hot Springs Police Department, who arrested him for unlawful chiropractic practice, lacked jurisdiction and authority because he was not properly sworn pursuant to art. 19, § 20 of the Arkansas Constitution. Third, Mason contends that several of his constitutional rights were violated by the Arkansas Chiropractic Board and by Dennis Hendrix. We affirm.

### Points I and III

The State correctly notes that the first and third points pertain to the same basic issues. We agree with the State that Mason's due-process argument has no merit and that his constitutional argument is not preserved for appellate review.

Mason argues that the trial court violated his First Amendment rights and denied him due process by not permitting him to present his association-rights defense.[1] This defense is based on his belief that his right to freedom of association, right to privacy, and right of private contract—given to him by the First and Fourteenth Amendments—supersede the Arkansas statute criminalizing unlawful chiropractic practice. *See* Ark. Code Ann. § 17-81-303 (Repl. 2010).

Mason did not file a motion challenging the statute's constitutionality or notify the attorney general of his constitutional challenge, nor did he present legal authority to the trial

---

[1]Mason reiterates in his reply brief that the primary issue on appeal is his right to present his defense.

court supporting his position. Two days before trial, at the 8:30 a.m. pretrial hearing, he failed to make his constitutional argument. At 1:36 p.m. the same day, he filed with the clerk proposed Jury Instruction No. 2, which for the first time mentioned the concept of "a 1st and 14th Private Membership Association." The proposed instruction was never served on the prosecuting attorney. On the morning of trial, the following colloquy took place in chambers:

| | |
|---|---|
| THE COURT: | [Y]our instructions kinda indicated to me some things that . . . you may be trying to—or intended to talk about. You mentioned a couple of constitutional amendments. I assume that's what you mean by the First and Fourteenth? |
| MASON: | Yes, Ma'am. |
| THE COURT: | Have you notified the Attorney General to be here? Do you intend to question the United States Constitution? |
| MASON: | Well, I don't question the United States Constitution, but that is the basis for what we have drawn up our association papers on and that's the—that is the reference. |
| THE COURT: | What does that have to do with this charge? |
| MASON: | Well, the charge against me is unlicensed chiropractic, but the issue as far as the reason why I'm bringing this up today is because of the fact that my rights have been infringed upon because what I do in the privacy of the membership association is in the private domain and not in the public realm which is not subject to federal or state jurisdiction to a point of substantive evil, as I understand it. |

. . . .

| | |
|---|---|
| THE COURT: | What does that [substantive evil] mean? |
| MASON: | Well, it's a threshold matter that's been established. If the investigator's office determines that there is a cause or someone |

3

> is performing something that is mala in se as opposed to mala prohibita within the association something that's a crime in and of itself. You know you couldn't obviously form an association based on murder or some other crime that is like I said a crime itself as opposed to a crime that is prohibited by law. For example—

The circuit court stopped Mason at this point and explained to him that the constitutional argument was a legal issue for the court to decide, not a factual issue to be decided by the jury. The court noted that Mason had not previously brought his legal issue to the court, notified the prosecution of his intent to make a constitutional or legal argument, or asked for a ruling on a legal argument of that nature. Mason confirmed his understanding that he could not argue to the jury "the legal issue of private versus public or First or Fourteenth Amendment rights or any legal argument." The court granted the prosecutor's oral motion in limine to prevent Mason from arguing to the jury that a binding private contract overrides the criminal statute.

In *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003), the circuit court ruled against Raymond on his constitutional challenge to Ark. Code Ann. § 5-71-228 (Repl. 1997)—the obstruction of shooting, hunting, fishing, or trapping activities. Raymond contended on appeal that the statute was unconstitutional due to vagueness and overbreadth, issues that our supreme court found were not preserved for review:

> In his motion to dismiss, Raymond summarily stated that § 5-71-228 violated his First Amendment rights to free speech under both the federal and state constitutions. No citation to authority was provided, other than simply a quotation of clauses from both constitutions. Nor was any brief filed in support. Additionally, when prompted by the court for argument on the motion during closing arguments, counsel for Raymond merely stated that what Raymond did was not illegal and that where a constitutional right and privilege were in competition, the constitutional right takes priority. Not

only did Raymond fail to cite any authority to the circuit court, but he failed to mention the terms "overbroad" or "void for vagueness." Hence, there was no development of his claims relating to vagueness and overbreadth before the circuit court.

This court is well aware of the fact that . . . the circuit court did rule on the issues of vagueness and overbreadth. . . . [H]owever, . . . the circuit court did not have the benefit of development of the law on these two pivotal issues. What Raymond now presents to this court on appeal, in the form of legal briefs, is a far cry from what the circuit court had at its disposal. Indeed, . . . Raymond never mentioned vagueness or overbreadth, much less developed an argument on either, to the circuit court, and the State was equally reticent on these legal points.

*Raymond*, 354 Ark. at 167–68, 118 S.W.3d at 574.

Even when the issue is constitutional in nature, an argument is not preserved on appeal unless the appellant raised and made the argument at trial and obtained a ruling on it; nor will a particular theory be addressed on appeal if it was not presented below. *Id*. at 162, 118 S.W.3d at 572. The burden of providing a record sufficient to demonstrate error is upon the appellant. *Id*. at 163, 118 S.W.3d at 572.

As in *Raymond*, what Mason presents on appeal is a far cry from what the trial court had at its disposal. He failed to make a motion or bring up his argument before trial—only vaguely referencing constitutional issues in proposed jury instructions; failed to inform the attorney general, the trial court, or the prosecutor of his argument before trial had begun; did not cite authority to support his position; did not fully make his argument on the record; and failed to obtain a ruling. The trial court essentially denied his proposed jury instruction, a ruling that he does not appeal.

Moreover, when the constitutionality of a statute is challenged, the attorney general of this state must be notified and is entitled to be heard; this notification assures a fully

developed adversary case on the constitutional issue. Ark. Code Ann. § 16-111-106(b) (Repl. 2006); *see Landers v. Jameson*, 355 Ark. 163, 174, 132 S.W.3d 741, 748 (2003); *Raymond*, *supra*. No such notification was given in this case.

Finally, to the extent that Mason's argument is a challenge to the exclusion of the evidence of the contract signed by Hendrix, the issue is not preserved because the contract was not proffered. Opposing counsel objected to its introduction, and the following colloquy ensued:

MS. LAWRENCE: I think that goes much further than our motion in limine and I think our request was that we would not go into the contract because we think it's confusing for the jury. Civil versus criminal is a matter of law for the court, not the jury. We think it's confusing, and furthermore, we've never been provided that.

THE COURT: I'm not gonna allow it. You had an opportunity at pretrial to bring forth any documents that you were gonna try to present in the case to the State and you did not do so. Not only that, after looking at it, it appears to go into the same issues that we took up in the motion in limine.

. . . .

[S]o other than that then, we're not gonna go into the whole membership.

In summary, Mason received due process at trial, the circuit court did not err by denying him the opportunity to present his "association rights" defense, and his constitutional argument is not preserved for our review.

## Point II

Mason contends that his conviction should be reversed because the arresting officer,



Detective Mike Lydon of the Hot Springs Police Department, was not properly sworn pursuant to art. 19, § 20 of the Arkansas Constitution:

> Senators and Representatives, and all judicial and executive, State and county officers, and all other officers, both civil and military, before entering on the duties of their respective offices, shall take and subscribe to the following oath of affirmation: "I, _____, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of _____, upon which I am now about to enter."

Mason argues that Lydon's failure to take and file the oath of office means that he was not a legal de jure or de facto officer and that all of his actions are a nullity. Mason further argues that this failure affected Lydon's right to act in the capacity of police officer, detective, or arresting officer; that the essential element of "willfulness" was not alleged in the indictment, making it defective and resulting in a lack of jurisdiction; and that Lydon's investigation of him was fraudulent, with false arrest and false imprisonment.

We agree with the State that Det. Lydon and unidentified persons at investigative and state agencies whose authority Mason attacks were at the very least de facto officials, i.e., "who by some color of right" were in possession of their offices and were performing their duties "with public acquiescence." *E.g.*, *Bell v. State*, 334 Ark. 285, 300, 973 S.W.2d 806, 814 (1998). As such, any attack against their authority must be by direct attack in a separately filed action, not a collateral attack in a criminal prosecution. *E.g.*, *id.* at 301, 973 S.W.2d at 815. Here, Mason filed no such action, and he cannot make a collateral attack on their authority in the present case.

Even if the attack could be made in this action, the record does not show that Mason

made his argument to the circuit court or received a ruling on any portion of it. Issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had an opportunity to rule on them. *London v. State*, 354 Ark. 313, 320, 125 S.W.3d 813, 817 (2003). An appellant must obtain a ruling on an argument to preserve the matter for this court's review, and the appellant bears the burden of providing a record sufficient to demonstrate error. *Wallace v. State*, 2009 Ark. 90, at 14, 302 S.W.3d 580, 589. Because Mason did not make his argument below or obtain a ruling on it, it cannot be reached on appeal.

Affirmed.

PITTMAN and HARRISON, JJ., agree.

*Garritt Scott Mason*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.