

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–16–410

RACHEL WOOLARD WESTIN
APPELLANT

V.

JARED C. HAYS
APPELLEE

**Opinion Delivered:** March 1, 2017

APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT
[NO. 16JDR–10–537]

HONORABLE THOMAS FOWLER, JUDGE

AFFIRMED

## MIKE MURPHY, Judge

Appellant Rachel Woolard Westin appeals from the order of the Craighead County Circuit Court changing custody of her minor daughter to the child's father, appellee Jared Hays. We affirm.

Westin initiated this action in 2010 following the birth of her child with Hays. On August 22, 2011, the circuit court entered an agreed order of paternity in which Westin was awarded sole custody of the minor child. On January 15, 2015, Hays filed a motion to modify child custody on both a temporary and a final basis, alleging that a material change in circumstances had arisen and that the child's lifestyle and well-being were in jeopardy based on Westin's living conditions and arrangements. The circuit court denied the emergency motion, but on January 13, 2016, the circuit court entered an order granting Hays's motion to modify custody. The order modified custody and awarded Hays sole

custody of the minor child; it also ordered Westin to pay $144 biweekly as child support. Westin timely appealed, arguing that the circuit court's findings of a material change in circumstances and the best interest of the child were clearly erroneous.

Arkansas law is well settled that the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *Rice v. Rice*, 2016 Ark. App. 575, at 4–5, __ S.W.3d __, __. A judicial award of custody will not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree will be in the best interest of the child. *Id.* Courts impose more stringent standards for modifications in custody than they do for initial determinations of custody. *Id.* The reasons for requiring more stringent standards for modifications than for initial custody determinations are to promote stability and continuity in the life of the child and to discourage repeated litigation of the same issues. *Id.* The party seeking modification has the burden of showing a material change in circumstances. *Id.* In reviewing child-custody cases, we consider the evidence de novo but will not reverse a circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Riddick v. Harris*, 2016 Ark. App. 426, at 4, 501 S.W.3d 859, 864. Deference to the circuit court is even greater in cases involving child custody, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Alphin v. Alphin*, 364 Ark. 332, 336, 219 S.W.3d 160, 162 (2005).

For her first point on appeal, Westin argues that the circuit court's finding of a material change in circumstances was clearly erroneous because the court erred by allowing

evidence of facts not pleaded in Hays's petition; more specifically, Westin argues that the introduction at trial of facts that had not been raised by the petition was in violation of the Due Process Clause. Westin further argues that the petition's properly pleaded facts do not give rise to a material change in circumstances.

Westin's due-process argument was not raised below, and thus, it is not preserved for appeal. *See Mason v. State*, 2014 Ark. App. 285, 435 S.W.3d 510 (holding that even when the issue is constitutional in nature, an argument is not preserved on appeal unless the appellant raised and made the argument at trial and obtained a ruling on it; nor will a particular theory be addressed on appeal if it was not presented below). The record reflects that Westin objected only one time with respect to the specificity of the pleading. The instance arose on direct examination of Hays when he was asked whether Westin had complied with a provision of the court order regarding the administration of prescription medicine and the sharing of medical information with the other parent. Westin objected on the grounds that the petition served on her did not mention anything about medication or illness and asserted that Arkansas is a fact-pleading state. The circuit court overruled her objection, explaining that one of the allegations in the petition was neglect as a custodial parent and that the testimony regarding the prescription and medical information was relevant because it demonstrated her role as a custodial parent. Furthermore, Westin had ample opportunities to raise this issue before now but failed to do so; she could have filed a motion that the petition failed to state facts upon which relief could be granted, filed a motion for a more definite statement concerning the complaint, raised the issue in closing arguments, or raised the issue in her motion for additional findings of fact.

We next turn to Westin's argument that the facts do not give rise to a material change in circumstances. In the circuit court's findings of fact, it provided an extensive explanation showing that Hays met his burden of proving a material change in circumstances. The circuit court relied on the following evidence: since the August 22, 2011 order, Westin has changed residences between five and seven times with three of those moves being outside the State of Arkansas without the required written notice to Hays. Since that date, Westin has not been gainfully employed for extended periods of time and has held numerous jobs; Westin has remarried, divorced, and given birth to a second child; she engaged in poor decision-making, including her numerous questionable social-media posts regarding her children; she has used her children on "GoFundMe" in an attempt to get people to give her money to go to school; she has failed to adequately care for the medical needs of her minor child; and she has repeatedly presented the minor child in clothing that was filthy, not age appropriate, and at times soaked in urine. The circuit court also noted that Hays has maintained employment, has married, and has purchased a home; he has established and continues to maintain a stable living environment; and he has demonstrated that he has the family support system and financial stability to raise the child. Further, the circuit court found that it did not believe Westin had any intention to ever coparent. Thus, deferring to the circuit court's credibility determinations, the court's finding of a material change in circumstances was not clearly erroneous.

In Westin's brief, she argues as though this is a simple relocation case. She provides four subpoints to support her contention that, overall, the "move was not detrimental in any way to the best interests of the minor child." Admittedly, the court ruled in its initial

order awarding custody to Westin that in the event either party intended to relocate outside of northeast Arkansas, he or she was to notify the other parent with thirty days' written notice prior to any relocation. Here, Westin did relocate on more than one occasion outside of northeast Arkansas without providing written notice to Hays prior to the relocation. However, Westin's contention that this is a simple relocation case is incorrect. She incorrectly relies on *Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003). In *Hollandsworth*, our supreme court held that relocation of the custodial parent and child is not, by itself, a material change in circumstances justifying a change in custody. This case is distinguishable from *Hollandsworth* because the case at hand is a modification of custody and not a simple relocation case; also, here, Hays brought the motion to change custody whereas in *Hollandsworth* the custodial parent brought the motion to relocate. [1] Finally, we note that Westin never raised any specific argument pursuant to *Hollandsworth* below, and the argument she raises on appeal is not preserved for our review.

For her second point on appeal, Westin argues that the circuit court clearly erred in finding that the change of custody was in the best interest of the child. There is no exhaustive list of factors a circuit court must consider when analyzing the best interest of the child; the main consideration is whether there are changed conditions that demonstrate that a modification of the decree is in the best interest of the child. *Alphin*, 364 Ark. at 343, 219 S.W.3d at 167. In *Bamburg v. Bamburg*, 2014 Ark. App. 269, at 8, 435 S.W.3d 6, 11–12, this

---

[1] In particular, Westin argues that she was under no constitutionally valid obligation to notify Hays in advance of her move to Tennessee. She goes on to explain that forcing a custodial parent to seek permission to move their child across state lines has a detrimental effect on the federally protected right to travel. Westin never advanced this particular argument below, and it is therefore not preserved for appeal. *Mason, supra.*

court explained the factors a circuit court *may* consider in determining what is in the best interest of the child, which include the psychological relationship between the parents and the child, the need for stability and continuity in the relationship between parents and the child, the past conduct of the parents toward the child, and the reasonable preference of the child.

In the circuit court's findings of fact regarding the best interest of the child, the court generally stated the following factors should be considered in awarding custody: integrity, character, compassion, habit of sobriety, religious training, attitude of a newly acquired partner, and acts of domestic violence; stability of the parties, including emotional, work, financial, and residential stability; love and affection of the parties, including attention given to the child, discipline of the child, and social attitudes; the child's stated preference, age, sex, health, and child-care arrangements. Westin argues that the circuit court's findings of fact failed to articulate a full analysis of all the factors.[2] The court relied on the facts it had previously set forth in its analysis of the change of circumstances and ruled that, in considering all the evidence, it was in the best interest of the child that custody be changed to Hays. These findings touched on each of the best–interest factors most applicable to this case. Thus, under our de novo review, we cannot rule that the circuit court clearly erred in finding that it was in the best interest of the child to be placed in Hays's custody.

Affirmed.

---

[2] Westin cites *Powell v. Ayers*, 792 So. 2d 240 (Miss. 2001), for the Mississippi rule requiring a circuit court to specifically analyze each best-interest factor on the record. Once again, however, Westin failed to present this argument to the circuit court. Moreover, there is no such requirement in Arkansas case law; accordingly, the circuit court cannot be said to have erred in not doing so. *See Mason*, *supra*.



WHITEAKER and VAUGHT, JJ., agree.

*Tara Raddle*, for appellant.

*Kristofer E. Richardson*, for appellee.