

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-651

| | |
|---|---|
| JEREMY SHANE FUDGE<br><br>APPELLANT<br><br>V.<br><br>WHITTNEY LYNELL DORMAN<br>APPELLEE | **Opinion Delivered:** March 15, 2017<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. 70DR-12-330]<br><br>HONORABLE DAVID F. GUTHRIE, JUDGE<br><br>REVERSED AND REMANDED |

## MIKE MURPHY, Judge

Appellant Jeremy Shane Fudge appeals from the order of the Union County Circuit Court changing custody of his three minor children to the children's mother, appellee Whittney Lynell Dorman. Fudge argues that the circuit court erred in finding changed circumstances and that a transfer of custody to Dorman was not in the children's best interest. We agree that there was no material change in circumstances sufficient to warrant modification of custody and therefore reverse and remand.

The parties divorced in 2010, and Dorman initially had custody of the children until 2011 when she voluntarily relinquished custody to Fudge. In 2013, Dorman petitioned the court for custody of the three children, and on December 3, 2013, the circuit court entered an agreed order whereby Fudge continued to have primary physical custody. On January 6, 2016, Dorman filed a motion to change custody on both a temporary and a final basis citing a material change of circumstances. For her emergency motion, she alleged that the children

were in jeopardy while in the care and custody of Fudge because of a drunken incident that occurred between Fudge and his current wife at the Liberty Bowl in Memphis, Tennessee, a few days before. The court granted the ex parte motion but denied the temporary change of custody two days later, holding that the events that occurred at the Liberty Bowl were insufficient to cause a change in the custody arrangement because "[t]he differences between [Fudge] and his [current wife] which caused [Dorman] to file her request for ex–parte emergency custody did not occur in the presence of the children." While the circuit court ruled that there was no emergency and denied that part of the motion, on April 12, 2016, the circuit court entered an order addressing the remaining part of the motion and changed custody to Dorman. Fudge filed a timely notice of appeal.[1]

In reviewing child–custody cases, we consider the evidence de novo but will not reverse a circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Riddick v. Harris*, 2016 Ark. App. 426, at 4, 501 S.W.3d 859, 864. Deference to the circuit court is even greater in cases involving child custody, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Alphin v. Alphin*, 364 Ark. 332, 336, 219 S.W.3d 160, 162 (2005). If the circuit court fails to make findings of fact about a change in circumstances, this court, under its de novo review, may nonetheless conclude that there was sufficient evidence from which the circuit court could have found a change in circumstances. *Williams v. Geren*, 2015 Ark. App. 197, at 10, 458 S.W.3d 759, 766.

---

[1] This is a one-brief case; Mrs. Dorman has not filed a brief.

Arkansas law is well settled that the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *Rice v. Rice*, 2016 Ark. App. 575, at 4–5, __ S.W.3d __, __. A judicial award of custody will not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree will be in the best interest of the child. *Id.* Generally, courts impose more stringent standards for modifications in custody than they do for initial determinations of custody. *Id.* The reasons for requiring more stringent standards for modifications than for initial custody determinations are to promote stability and continuity in the life of the child and to discourage repeated litigation of the same issues. *Id.* In order to change custody, the circuit court must first determine that a material change in circumstances has occurred since the last order of custody; the party seeking modification has the burden of showing a material change in circumstances. *Id.* If that threshold requirement is met, the circuit court must then determine who should have custody, with the sole consideration being the best interest of the children. *Williams*, 2015 Ark. App. 197, at 10, 458 S.W.3d at 766. Determining whether there has been a change of circumstances requires a full consideration of the circumstances that existed when the last custody order was entered in comparison to the circumstances at the time the change of custody is considered. *Id.*

In its order dated April 12, 2016, the circuit court stated,

> In making its decision, this Court is not suggesting that either party is not capable or competent to take care of the children, but the Court finds that in 2013 custody changed to Jeremy Shane Fudge as a result of Whittney Lynnell Fudge (now Dorman) doing what she thought was in the best interest of the children given her circumstances in life at that time. Since that occasion, the circumstances that motivated Whittney Lynnell Fudge (now Dorman) to place the parties' minor

SLIP OPINION

children with Jeremy Shane Fudge have changed for the positive. She is now capable of taking care of the children, she has settled her affairs that caused her to ask Jeremy Shane Fudge to take the children in 2013.[2]

The circuit court also explained from the bench,

> [This decision] is not clearly an adverse reflection on [Fudge] and his care of the children during the interim; it appears that both parties are capable, competent and loving parent [sic] and seek only the best for their children. The concern is that only one can have custody and [Dorman] gave up custody years back for the best interest of the children and it is only appropriate that she [sic] now that she has settled her affairs, financial affairs, work affairs, emotional affairs and any family affairs and is now more capable of taking care of the children in question.

Notably, the circuit court failed to address the full consideration of circumstances that existed when the last custody order was entered compared to the present situation. Furthermore, the circuit court failed to make specific findings that a *material* change in circumstances had occurred since that order. Arkansas caselaw is well settled that a change of the circumstances of the noncustodial parent is not alone sufficient to justify a change of custody. *See Wiliams*, *supra*; *Middleton v. Middleton*, 83 Ark. App. 7, 15, 113 S.W.3d 625, 629 (2003). The circuit court made a general finding that a change in circumstances had occurred, and then it failed to make specific findings regarding the best interest of the children. *See Williams*, *supra* (holding that we defer to a circuit court's credibility determinations, but those determinations must relate to testimony regarding material facts in order to support a finding of changed circumstances).

Moreover, the record does not support the circuit court's findings that Dorman has her affairs in order. Testimony revealed that Dorman owes $10,000 in back child support,

---

[2] Custody changed to Fudge in 2011, not 2013; this reference appears to be a scrivener's error.

she is behind on her car payment, and she has been out of a job for two months. Per testimony, she does have a job lined up, but it will require her to work overnight, leaving Dorman's husband of a year and a half—who has spent minimal time with the children and is away from home for work three to four months at a time—to be the primary caregiver while she is gone. Dorman's aunt, who has multiple felony convictions related to methamphetamine, agreed to be a secondary caregiver if Dorman's husband is unavailable. The circuit court is putting the interests of Dorman before the best interest of the children.

Overall, the circuit court's findings did not, on their own, constitute a material change in circumstances sufficient to warrant modification. Based on our holding, any inquiry into the best interest of the children is not necessary. Therefore, we reverse and remand for further proceedings consistent with our opinion.

Reversed and Remanded.

GLADWIN and HARRISON, JJ., agree.

*Stone & Sawyer, PLLC*, by: *R. Jeffrey Sawyer*; and *McDonald Law Firm*, by: *Gary McDonald*, for appellant.

No response.