LARRY D. VAUGHT, Judge
Appellant Angie Hewett appeals the Benton County Circuit Court's order modifying custody of G.H., her child with appellee, ex-husband Kelly Hewett. The court's order modified the previous custody arrangement, under which Angie had primary custody, and awarded joint custody. We reverse and remand to reinstate the previous custody order.
Kelly and Angie Hewett were divorced on October 29, 2012. Based on an agreement of the parties, the court awarded Angie primary custody of the couple's son, who was five years old at the time, and awarded Kelly standard visitation. The record reflects that the parties have had significant difficulty communicating since the divorce and that they have continually argued. In 2013, Angie obtained an ex parte order of protection against Kelly, which was dismissed after a full hearing and that which resulted in the court increasing Kelly's visitation. In August 2016, Angie obtained an ex parte order terminating Kelly's visitation, stemming from an incident on July 31, 2016, in which Kelly's current wife, April Hewett, called Angie and reported that April and Kelly had gotten into an argument, Kelly had been drinking, the police had been called, and Kelly had left with G.H. to go to a hotel room. Angie retrieved G.H. from the hotel room and refused to allow Kelly to have further visitation. The court entered an ex parte order suspending Kelly's visitation but subsequently vacated the order and reinstated visitation after a full hearing.
Kelly then filed a motion for contempt against Angie and a counterclaim for modification of custody. He argued that Angie had made derogatory statements about him, failed to notify him of G.H.'s baptism, refused to provide him with extracurricular equipment he purchased for G.H., was disrespectful to Kelly via text and in the presence of G.H., and was attempting to alienate G.H. from Kelly. The court appointed Acacia Stinnet as attorney ad litem for G.H.
After a temporary hearing, the court found that the parties had not been able to get along since the time of the divorce and found no reason to restrict Kelly's visitation. Angie amended her motion to include allegations that Kelly had been excessively checking G.H. out of school and that Kelly had failed to give Angie the right of first refusal when he needed childcare for G.H., as required by the divorce decree.
The final hearing revealed further evidence of antagonistic behavior by both parties, including name-calling and an inability to communicate with each other. The court issued an order, filed on January 17, *140 2017, which found that there had been a material change in circumstances warranting a change of custody. While the court did not explicitly state how the circumstances had changed, the only circumstances that the court mentions in the order are the parties' inability to get along or communicate civilly with each other. The court found it was in G.H.'s best interest to award joint custody, which it did. It ordered the parties to agree on all decisions regarding the child, specifically stating that if the parents could not agree on extracurricular activities then G.H. would not be able to participate in such activities. The court found both parties in contempt: Angie for name-calling and Kelly for being under the influence of alcohol in the presence of the child.[1] Angie filed a timely notice of appeal challenging the court's modification of custody.
The Arkansas Supreme Court has stated that "the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary." Hamilton v. Barrett , 337 Ark. 460, 466, 989 S.W.2d 520, 523 (1999). Further, the court has stated that "[a] judicial award of custody should not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree is in the best interest of the child, or when there is a showing of facts affecting the best interest of the child that were either not presented to the chancellor or were not known by the chancellor at the time the original custody order was entered." Jones v. Jones , 326 Ark. 481, 491, 931 S.W.2d 767, 772 (1996). "[C]hild custody is determined by what is in the best interests of the child, and it is not altered absent a material change in circumstances." Id. at 487, 931 S.W.2d at 770. "The party seeking modification of the child-custody order has the burden of showing a material change in circumstances." Id. at 491, 931 S.W.2d at 772. Further, "[f]or a trial court to change the custody of children, it must first determine that a material change in circumstances has transpired from the time of the divorce decree and, then, determine that a change in custody is in the best interest of the child." Lewellyn v. Lewellyn , 351 Ark. 346, 355, 93 S.W.3d 681, 686 (2002).
In reviewing child-custody cases, we consider the evidence de novo but will not reverse a trial court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. Lowder v. Gregory , 2014 Ark. App. 704, at 14, 451 S.W.3d 220, 229. We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. Id. , 451 S.W.3d at 229. This deference is even greater in cases involving child custody, as a heavier burden is placed on the trial court judge to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. Id. , 451 S.W.3d at 229. When the circuit court fails to make findings of fact about a change in circumstances, this court, under its de novo review, may nonetheless conclude that there was sufficient evidence from which the circuit court could have found a change in circumstances. Campbell v. Campbell , 336 Ark. 379, 384, 985 S.W.2d 724, 727 (1999) ; Stamps v. Rawlins , 297 Ark. 370, 761 S.W.2d 933 (1988).
On appeal, Angie argues that there was insufficient evidence of a material change in circumstances warranting modification of custody and that the award of *141 joint custody was not in G.H.'s best interest. We agree on both points, reverse the court's order modifying custody, and remand for the court to reinstate the former custody arrangement.
To facilitate stability and continuity in the life of a child and to discourage repeated litigation of the same issues, custody can be modified only upon a showing of a material change of circumstances. Stills v. Stills , 2010 Ark. 132, 361 S.W.3d 823. The court's order failed to articulate the specific change in circumstances warranting modification in this case. The only circumstances referenced in the order were the parents' inability to communicate civilly and work together to make parenting decisions. These facts do not demonstrate a change; in the temporary order filed September 21, 2016, the court found that "the parties have a miserable relationship going back to the divorce." The court had previously found in 2013 and 2014 that Angie's demeanor toward Kelly was unreasonable and could negatively impact the child. Neither the evidence presented at the hearing nor the court's final order demonstrate that the parties' bickering and name-calling was new or had significantly worsened. We agree with Angie's argument that this case is akin to the "scattering of petty complaints" we rejected in Byrd v. Vanderpool , 104 Ark. App. 239, 244, 290 S.W.3d 610, 613 (2009). Based on the evidence presented below and the court's previous findings, we see no basis for determining that there had been a material change, which is required before modification of custody can be considered.
Further, even if we assumed, for the sake of argument, that the parties' inability to get along and their overt hostility toward each other amounted to a material change in circumstances, it clearly counsels against affirming on the second point, whether joint custody was in G.H.'s best interest. In the recent case of Li v. Ding , 2017 Ark. App. 244, 519 S.W.3d 738, we reversed and remanded an award of joint custody where the parties had a longstanding problem with communication and cooperation. In Li , we explained
Arkansas Code Annotated section 9-13-101 states that an award of joint custody is favored in Arkansas. As used in this section, "joint custody" means the approximate and reasonable equal division of time with the child by both parents individually as agreed to by the parents or as ordered by the court. Regardless of whether joint custody is favored, our law remains that the mutual ability of the parties to cooperate in reaching shared decisions in matters affecting the child's welfare is a crucial factor bearing on the propriety of an award of joint custody, and such an award is reversible error when cooperation between the parties is lacking.
Li , 2017 Ark. App. 244, at 10-11, 519 S.W.3d 738, 743-44.
In the present case, the court based its award of joint custody on the parents' inability to cooperate and communicate. This is in direct violation of our clear dictate in Li and other previous cases, such as Hoover v. Hoover , 2016 Ark. App. 322, at 7, 498 S.W.3d 297, 301, and Stibich v. Stibich , 2016 Ark. App. 251, 491 S.W.3d 475. Joint custody is inappropriate when cooperation between the parties is lacking. We therefore reverse and remand for the court to reinstate its previous order awarding Angie primary custody.
Reversed and remanded.
Gruber, C.J., and Harrison, J., agree.

In a later order, the court found that the parties had partially purged themselves of the contempt and could fully purge themselves by paying fines to the registry of the court.