RAYMOND R. ABRAMSON, Judge
Jason Buskirk appeals the Washington County Circuit Court's order reinstating primary custody of the parties' daughter, L.B., to December Buskirk (Melton).[1] On *287 appeal, Jason argues that the circuit court erred in reinstating primary custody of L.B. to December. We affirm.
Jason and December were married on July 28, 2007. While married, they had one child together, their daughter, L.B. They divorced on May 8, 2013. Upon divorce, December received primary custody of L.B., and Jason received standard visitation. Both parties subsequently remarried. Jason resides in Nixa, Missouri, with his current wife, Elizabeth Dudash-Buskirk, and their minor son, D.B. In 2014, December married Howard Christopher Melton, and they, along with L.B., lived in Farmington, Arkansas.
On September 12, 2016, law enforcement officers executed a search warrant at December and Howard's residence. During this time, Howard was under suspicion for possession of child pornography. Law enforcement officers arrested Howard on January 25, 2017, and he pled guilty in March 2017. After Howard's indictment and arrest, December and Howard separated and eventually divorced.
After learning about Howard's indictment, Jason filed a motion for modification of custody on February 13, 2017. He alleged that December had violated the terms of the divorce decree by failing to inform him about Howard's indictment and its impact on L.B.'s welfare. The circuit court held a hearing on March 31, and an order was entered on April 3, awarding temporary custody of L.B. to Jason and standard visitation to December. Afterward, an attorney ad litem was appointed to represent L.B.
On August 14, the circuit court held a subsequent hearing, heard additional testimony, and admitted other evidence. The circuit court ruled from the bench, finding that there had been several material changes in circumstances. Additionally, the circuit court found that it would be in L.B.'s best interest to reinstate December's primary custody. The circuit court entered its written order on September 11, 2017.
Jason timely appealed the circuit court's order on October 10. On appeal, Jason argues (1) that the circuit court misapplied the burden of proof that is required in custody-modificationcases and (2) that, alternatively, the circuit court's order does not support the conclusion that another change of custody was in L.B.'s best interest.
On appeal in custody matters, this court considers the evidence de novo and does not reverse unless the circuit court's findings of fact are clearly erroneous. Hodge v. Hodge , 97 Ark. App. 217, 219, 245 S.W.3d 695, 697 (2006). A finding is clearly erroneous when, although there is evidence to support it, the court is left with a definite and firm conviction that the circuit court made a mistake. Id. Due deference is given to the circuit court's superior position to judge the credibility of the witnesses. Id. The Arkansas Supreme Court has held that there is no other case in which the superior position, ability, and opportunity of the circuit court to observe the parties carry a greater weight than one involving the custody of minor children. Taylor v. Taylor , 345 Ark. 300, 304, 47 S.W.3d 222, 224 (2001).
The best interest of the children is the polestar in every child-custody case; all other considerations are secondary. Id. Factors a court may consider in determining what is in the best interest of the child include the psychological relationship between the parents and the child, the need for stability and continuity in the child's *288 relationship with the parents and siblings, the past conduct of the parents toward the child, and the reasonable preference of a child. Rector v. Rector , 58 Ark. App. 132, 947 S.W.2d 389 (1997).
For custody-modification cases, courts impose more stringent standards than they do for initial determinations of custody in order to promote stability and continuity in the life of the child and to discourage the repeated litigation of the same issues. Geren Williams v. Geren , 2015 Ark. App. 197, at 10, 458 S.W.3d 759, 766. The party seeking to modify the custody order has the burden of showing a material change in circumstances. Id. In order to change custody, the circuit court must first determine that a material change in circumstances has occurred since the last custody order; if that threshold requirement is met, it must then determine who should have custody, with the sole consideration being the best interest of the children. Id. Determining whether there has been a change of circumstances requires a full consideration of the circumstances that existed when the last custody order was entered in comparison to the circumstances at the time the change of custody is considered. Id. at 10-11, 458 S.W.3d at 766.
We first address Jason's argument that the circuit court made an error of law by misapplying the burden of proof that is required for custody-modification. Jason argues that the issue involving the best interest of L.B. was the subject of two inconsistent orders and that the "temporary order" granting Jason temporary custody in April 2017 was really a permanent or final order. He argues that because the "temporary order" was final, December should have had the burden of showing a material change in circumstances at the August 2017 hearing before the circuit court reinstated custody of L.B. to her. He further claims that the circuit court made him prove his case twice.
As December points out, it appears that Jason did not raise this issue below, and if he did, he failed to obtain a ruling. The circuit court did not rule on this issue in either its oral ruling from the bench in August 2017 or in its written order entered in September 2017. "A party is bound by the scope and nature of the arguments made at trial." Rice v. Rice , 2016 Ark. App. 575, at 8, 508 S.W.3d 80, 86. In Rice , this court further stated, "Because this allegation of error was not raised and decided below, we are precluded from reaching its merits now." Id. Therefore, the burden-of-proof issue, which Jason now raises, is not preserved for appellate review.
In the alternative, Jason argues that the circuit court's findings do not support the conclusion that another change of custody was in L.B.'s best interest. He contends that the circuit court's September 2017 written order "failed to properly weigh the undisputed facts that were established in the temporary hearing, and instead gives inappropriate weight to irrelevant facts that were never pled and have no impact on L.B.'s best interest." He makes several claims to support this argument.
First, Jason asserts that "[t]he circuit court's order was cryptic about any credibility determinations" because the court failed to expressly state how it assessed the witnesses' credibility. He further asserts that there were no connections between the credibility determinations and L.B.'s best interest.
It is well settled that this court gives "due deference to the superior position of the trial court to view and judge the credibility of the witnesses. This deference is even greater in cases involving child custody, as a heavier burden is placed on *289 the trial court to use the fullest extent of its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children." Lowder v. Gregory , 2014 Ark. App. 704, at 14-15, 451 S.W.3d 220, 229.
In this case, the circuit court personally observed the parties and witnesses as it is required to do. To require the circuit court to explain every detail of its personal observations would be an onerous task and one that is not required. Instead, this court will defer to the circuit court's observations, whether or not they are explicitly stated in its written order. Id. Absent a mistake, this court will not "act as a 'super factfinder,' substituting its own judgment or second-guessing the credibility determinations of the court." K.C. v. Ark. Dep't. of Human Servs. , 2010 Ark. App. 353, at 2, 374 S.W.3d 884, 886. Jason's argument fails, and we hold that the circuit court did not err in reinstating primary custody of L.B. to December.
To further support his argument that a change of custody was not warranted, Jason makes several other claims that can be reviewed collectively. He claims the following:
1) The circuit court gave inadequate weight to the fact that L.B. was knowingly left alone in the care of Howard, her stepfather, from September 12, 2016, to January 25, 2017.
2) The circuit court improperly weighed the behavior of [D.B.], Jason's son, without evidentiary support.
3) The circuit court inappropriately punished Jason for allegedly disobeying a court order.
4) The circuit court gave undue weight to D.B.'s behavior even though it was not directly relevant to L.B.'s best interest.
5) The circuit court should not have considered D.B.'s suicide attempt, his assault against his parents, and his punching L.B. as material changes in circumstances.
6) The circuit court's observation of Jason's excellent communication with December did not support the court's decision to reinstate December's primary custody.
7) The circuit court's consideration of testimony from the therapist,[2] who was hired by Jason, did not support the court's decision to reinstate December's primary custody.
8) The circuit court recognized that the distance between Jason's and December's homes prevented joint custody, which did not favor Jason or December and did not support the court's decision to reinstate December's primary custody.
9) The circuit court considered testimony from December and her therapist, recognizing that December has made serious mistakes, which did not support the court's decision to reinstate December's primary custody.
10) The circuit court did not consider L.B.'s successful transition to Jason's home during the time of his temporary custody.
11) The circuit court did not consider that L.B. thrived in Jason's care.
12) The circuit court's statement that December's "analysis of the whole situation was correct" was inaccurate.
*290 13) The circuit court failed to give weight to the undisputed expert testimony.
14) The circuit court did not consider December's failure to disclose information to Jason when she chose not to tell him that she took L.B. to a counselor.
15) The circuit court did not consider the psychological relationship between Jason and L.B., which favored granting continued custody to Jason.
16) The circuit court did not consider L.B.'s stability and continuity with Jason, which favored granting continued custody to Jason.
17) The circuit court did not properly consider the evidence showing that December's past conduct was not focused on L.B.'s best interest.[3]
On appeal of child-custody cases, this court will consider the evidence de novo, but it will not reverse a circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. Hewett v. Hewett , 2018 Ark. App. 235, at 4, 547 S.W.3d 138, 140. The Arkansas Supreme Court has held that "[a] judicial award of custody should not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree is in the best interest of the child, or when there is a showing of facts affecting the best interest of the child that were either not presented to the chancellor or were not known by the chancellor at the time the original custody order was entered." Id. at 3, 547 S.W.3d at 140 (quoting Jones v. Jones , 326 Ark. 481, 491, 931 S.W.2d 767, 772 (1996) ). Moreover, in determining that the circumstances have changed, a court is required to fully consider the circumstances that existed when the last custody order was entered and should compare it to the circumstances existing at the time the subsequent change-of-custody request is considered. Geren Williams , 2015 Ark. App. 197, at 10-11, 458 S.W.3d at 766.
As stated above, Jason has offered numerous claims in support of his argument that the circuit court's findings do not support its conclusion that reinstating primary custody to December was in the best interest of L.B. We think it is unnecessary to separately address each supporting claim because in each claim Jason argues that the circuit court either failed to weigh the evidence accurately or that the circuit court considered irrelevant evidence.
We hold that the circuit court's order is not clearly erroneous. The circuit court stated that it had studied the transcript of the temporary hearing and that it had carefully considered all the evidence presented at the August 2017 hearing. The circuit court considered and heard testimony from the parties as well as L.B.'s therapists and found numerous facts to support its decision that there were material changes in circumstances warranting both changes in custody:
(a) Stepdad's involvement with child pornography; (b) Plaintiff's failure to inform dad about that ongoing process; (c)
*291 Plaintiff continuing to leave [L.B.] in the care of her stepfather during the investigation; (d) The 15-year old son of Mr. Buskirk, [D.B.], attempted suicide; is not out of the home in a residential facility; and that he does not want to have any contact with his dad or Dr. Dudash-Buskirk; (e) The Court is concerned [D.B.] had previously assaulted Dr. Dudash-Buskirk and had also assaulted Mr. Buskirk; (f) The Court is also extremely concerned and considers it a material change in circumstances that [D.B.] punched [L.B.] in the stomach.
These findings allowed the circuit court to proceed with its analysis of determining who should have custody of L.B. while focusing solely on her best interest.
The circuit court also considered many factors in determining the custody arrangement that would be in L.B.'s best interest. While some of the factors may favor Jason, those were not the only factors that the circuit court considered. The circuit court also considered that joint custody was not possible because the parties live in two different states; that L.B. thrived while in December's care; that December recognized her mistake in allowing L.B. to remain under her stepfather's care; that December's "analysis of the whole situation was correct"; and that L.B. had never been violated or molested by her stepfather. After observing every aspect of the parties and the witnesses and the interaction within the court, the circuit court weighed the evidence according to its observations. The circuit court is not required to weigh the evidence that Jason desired to be weighed and is not required to give the evidence the weight that Jason wanted. See Westin v. Hays , 2017 Ark. App. 128, at 2, 513 S.W.3d 900, 902. This court cannot say definitively and firmly that the circuit court's findings were clearly erroneous or that they were clearly against the preponderance of the evidence. Doing so would require this court to act as a super factfinder or to totally disregard the circuit court's findings, which this court will not do. For these reasons, Jason's argument fails.
After carefully examining Jason's arguments on appeal, we do not find the circuit court's reinstatement of primary custody of L.B. to December to be clearly erroneous, and we affirm the circuit court's decision.
Affirmed.
Gladwin and Murphy, JJ., agree.

The briefs refer to appellee as "December Buskirk (Melton)." Because she and Mr. Melton have divorced, she has reverted to her maiden name, Wright. To avoid confusion, appellant and appellee are referred to as Jason and December, respectively.

Ms. Terri Courtney-Miller testified that L.B. was a good student, that she adjusted well to her new home in Missouri, and that she had not been sexually abused.

Jason alleges that December failed to take affirmative steps to protect L.B. after a search warrant had been executed on her home, that December continued to live in the home with Howard after she had become aware of the charges against him, that December continued to allow L.B. to stay alone with Howard, that December did not obtain counseling for L.B., that December did not timely notify Jason when Howard admitted to the charges, and that December did not notify Jason that L.B. had an intake interview at the Child Safety Center.