Cite as 2020 Ark. App. 574

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–20–73

|  |  |  |
|---|---|---|
| K.D. COOPER | **APPELLANT** | **Opinion Delivered** December 9, 2020<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR–17–268] |
| V. |  |  |
| M.N. COOPER | **APPELLEE** | HONORABLE MICHAEL R. LANDERS, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant K. D. Cooper appeals the Saline County Circuit Court's order modifying custody and awarding appellee M. N. Cooper custody of their son, C.B.C. We affirm.

The parties were married on May 31, 2014. In addition to C.B.C., there had also been another child, a daughter, who was stillborn in 2016. Appellee testified that, following the death of her daughter, she began an affair with a man named Josh Curtis. The parties separated on February 5, 2017, due, in part, to appellee's affair. Appellee married Curtis in January 2019.

A divorce was granted on November 30, 2017. The parties were given joint custody of C.B.C. In December 2018, both parties moved for contempt, and on February 14, 2019, appellee moved to modify. Appellant filed a response and counterclaim for custody on February 28.

The circuit court held a hearing on July 25 at which appellee testified that appellant made it very difficult to communicate and coparent. Appellee introduced 125 pages of text messages from January 2018 to December 2019. They included eighteen uses of the word "bitch," twenty-two references to appellee's affair, twelve references to the parties' deceased child, insults about appellee's weight and appearance, statements that appellant would make sure that C.B.C. knew that Curtis was a "homewrecker" and a "piece of shit," and references to murdering Curtis. The text messages also included arguments about holidays, daycare, healthcare, and other parenting issues. Appellee testified that appellant had repeatedly told her they could never have a civil relationship until Curtis was out of the picture and had disparaged Curtis in front of C.B.C. She also stated that appellant often left C.B.C. in the care of older half siblings when appellant is not at home to care for him.

Appellant testified that appellee antagonizes him, had contacted his girlfriend at one point, and had signed C.B.C. up for sports that interfered with appellant's time with him. He also complained that appellee would not allow his girlfriend to pick up C.B.C. from daycare. He asserted that he and Curtis were able to get along as evidenced by their ability to be around each other at the ball field when C.B.C. was playing sports. Appellant testified that he had addressed his anger issues by seeking medical treatment and no longer sent messages like the ones appellee introduced into evidence.

The circuit court modified the parties' custody arrangement and granted custody of C.B.C. to appellee. In its decision to modify custody, the circuit court found that appellee had proved that there had been a material change in circumstances and that awarding

custody to appellee was in C.B.C.'s best interest. Appellant timely challenges both findings on appeal.

On appeal, the appellate court will "consider the evidence de novo but will not reverse a trial court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence." *Hewett v. Hewett*, 2018 Ark. App. 235, at 4, 547 S.W.3d 138, 140.

First, appellant argues that the circuit court erred in finding that a material change of circumstances had occurred warranting a change of custody. "Courts impose more stringent standards for modifications in custody than they do for initial determinations of custody in order to promote stability and continuity in the life of the child, and to discourage the repeated litigation of the same issues." *Dodd v. Gore*, 2013 Ark. App. 547, at 6. Modifying a custody order requires a showing of a material change in circumstances affecting the child's best interest. *Bamburg v. Bamburg*, 2014 Ark. App. 269, at 8, 435 S.W.3d 6, 11. Appellant contends that although he and appellee argued, (1) there wasn't evidence that their hostility toward each other was a change from the conditions that existed at the time the divorce decree was entered, and (2) even if there was a change, it was not significant enough to be material because it did not negatively impact C.B.C. Neither argument warrants reversal.

In joint-custody cases, "[w]hen the parties have fallen into such discord that they are unable to cooperate in reaching shared decisions in matters affecting their children, then a material change in circumstances affecting the children's best interest has occurred." *Schreckhise v. Parry*, 2019 Ark. App. 48, 568 S.W.3d 782, 787. In *Schreckhise*, this court specifically noted that failure of the parents to communicate so that they may make parenting

3

decisions may constitute a material changes in circumstances. *Id.* Here, the circuit court found that, since the date the divorce, appellant has engaged in a pattern of harassing, insulting, and hostile behavior toward appellee; that he has "poisoned the mind of the child" against appellee and Curtis; and that as a result, the parties could no longer coparent. The evidence, including the testimony of the parties and numerous messages introduced into evidence, supports that finding. We find no reversible error in the circuit court's finding that the parties' inability to communicate constituted a material change of circumstances warranting modification of custody.

Appellant's second argument is that even if there was a material change in circumstances, the circuit court erred in awarding custody to appellee rather than to him. He noted that custody is not to be changed merely to punish or reward a parent. *Elliott v. Skaggs*, 2013 Ark. App. 720, at 15, 430 S.W.3d 837, 845. Again, we find no reversible error. Given the evidence discussed above of appellant's pattern of harassment and hostility toward appellee and Curtis and evidence of his willingness to poison C.B.C.'s mind against appellee and Curtis, the circuit court's best-interest finding is not clearly erroneous.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Baker Schulze Murphy & Patterson*, by: *J. G. "Gerry" Schulze*, for appellant.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Traci LaCerra*, for appellee.